IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GARY GAYLOR,

    Plaintiff,

v.

ARBOR PLACE, II, LLC, ARBOR
PLACE LIMITED PARTNERSHIP,
BELK, INC., SEARS, ROEBUCK and
COMPANY, and DILLARD'S, INC.,

    Defendants.

CIVIL ACTION NO.

1:13-cv-00068-JEC

## ORDER & OPINION

This case is before the Court on defendant Sears, Roebuck, and Company's ("Sears") Motion to Dismiss, or, Alternatively, for Summary Judgment ("Motion to Dismiss") [17]. The Court has reviewed the record and the arguments of the parties, and, for the reasons set out below, concludes that Sears's Motion to Dismiss [17] should be **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

This is an action for declaratory judgment and injunctive relief against defendants pursuant to Title III of the Americans with

Disabilities Act ("ADA").  42 U.S.C. §§ 12181 *et seq.*; (Am. Compl. [21] at ¶ 1).  Plaintiff Gary Gaylor is a resident of White County, Georgia who has multiple sclerosis and is disabled as a result.  (*Id.* at ¶ 3-4.)  Plaintiff's multiple sclerosis affects his ability to walk, requiring him to use a cane or a wheelchair for mobility, depending on how badly his disability affects him on a particular day.  (*Id.* at ¶ 5.)  On May 2, 2012 plaintiff filed a lawsuit against multiple defendants, Sears among them, in the Eastern District of Tennessee (the "Tennessee Action") alleging violations of Title III of the ADA.  (Pl.'s Resp. to Def.'s Undisputed Statement of Material Facts [29-1] at ¶ 2); *Gaylor v. Knoxville Ctr., LLC et al.*, Civil Action No. 3:12-cv-00213 (E.D. Tenn. May 2, 2012).

On January 8, 2013 plaintiff filed a complaint in this Court against defendants (the "Georgia Action") alleging violations of Title III of the ADA, including inaccessible parking, excessively sloped curb cuts, and inaccessible routes through the property (the "Georgia Action").  (Compl. [1] at ¶ 17.)  On January 14, 2013 plaintiff and Sears settled the Tennessee Action by entering into a confidential Settlement Agreement. (Pl.'s Resp. to Def.'s Undisputed Statement of Material Facts [29] at ¶ 4 and Settlement Agreement [18].)  Pursuant to the terms of the Settlement Agreement, plaintiff dismissed the Tennessee Action with prejudice.  (Pl.'s Resp. to Def.'s Undisputed Statement of Material Facts [29] at ¶ 8.)  Sears

subsequently moved to dismiss the Georgia action. (Def.'s Motion to Dismiss [17].) Plaintiff filed a response [29] and amended complaint [21].

## DISCUSSION

### I.  MOTION TO DISMISS STANDARD

In deciding a motion to dismiss, the Court assumes that all of the allegations in the complaint are true and construes the facts in favor of the plaintiff. *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010). That said, in order to avoid dismissal a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausib[le]" when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### II. JURISDICTION & APPLICABLE LAW

The Court has federal question jurisdiction over this action because plaintiff alleges violations of the ADA. 28 U.S.C. § 1331 (1980); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807-10 (1986). Although plaintiff's complaint is founded upon an alleged violation of federal law, at issue in Sears's Motion to Dismiss is a

3

section of the Settlement Agreement that states that

> Plaintiff hereby releases Defendant . . . from any and all claims, causes, damages, demands, liabilities, equities and any and all other claims, whether known or unknown, from the beginning of the world to the date of this Settlement Agreement, including, without limitation, any and all claims pursuant to Title III of the ADA regarding the property . . . such as the claims that were asserted, or could have been asserted in the above-captioned action, *provided that*, this release shall in no way limit Plaintiff's or the Court's ability to monitor and enforce Defendant's compliance with the terms of the Settlement Agreement.

(Settlement Agreement [18] at ¶ 13.)  The nub of Sears's argument is that the Settlement Agreement's release included plaintiff's Georgia Action, as he filed it *before* he executed the Settlement Agreement with Sears and the Settlement Agreement covers all claims "from the beginning of the world to the date of the Settlement Agreement." (*See* Mot. to Dismiss [17] at 4-8.)  Plaintiff disagrees, arguing that the release only applies to claims related to the property at issue in the Tennessee Action.  (*See* Pl.'s Resp. in Opp'n [29] at 4-8.)

Because this Court sits in Georgia, it must apply Georgia's conflict-of-laws rules.  *Trans Caribbean Lines, Inc. v. Tracor Marine, Inc.*, 748 F.2d 568, 570 (11th Cir. 1984); *Klaxon v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Georgia applies the traditional *lex loci contractus* rule, which "provides that when a contract is made and to be performed in one state, its validity, nature,

4

construction, and interpretation are governed by the substantive law of that state." *Convergys Corp. v. Keener*, 276 Ga. 808, 811-12 (2003); *Farm Credit of Nw. Florida, ACA v. Easom Peanut Co.*, 312 Ga. App. 374, 381 (2011).

Plaintiff and Sears executed the Settlement Agreement in Tennessee in order to settle litigation filed in the Eastern District of Tennessee. (*See, e.g.*, Resp. in Opp'n [29] at Aff. of Att'y Darren Ridenour.) And while the Settlement Agreement's release may or may not apply to actions in other states, the contract references the Tennessee property and dictates repairs to be performed upon it. (*See, e.g.* Settlement Agreement [18] at ¶¶ 1, 13.) For these reasons, the Settlement Agreement is governed by Tennessee law.[1]

Despite Tennessee law governing the Settlement Agreement, Sears relies upon Georgia law in its Motion to Dismiss. (*See, e.g.*, Mot. to Dismiss [17] at 5-6 (citing *Norfolk S. Corp. V. Chevron, U.S.A., Inc.*, 371 F.3d 1285 (11th Cir. 2004), *Farese v. Scherer*, 297 F.App'x 923 (11th Cir. 2008), and *W.J. Perryman & Co. v. Penn. Mut. Fire Ins. Co.*, 324 F.2d 791 (5th Cir. 1963).) Resolution of this action depends upon a determination whether the release--particularly the phrase "Plaintiff hereby releases Defendant . . . from any and all

---

[1] The Settlement Agreement does not include a choice of law provision.

5

claims . . . whether known or unknown, from the beginning of the world to the date of the Settlement Agreement, *including, without limitation*, any and all claims pursuant to Title III of the ADA regarding the Property"--applies to claims unrelated to the Tennessee Action.  (Settlement Agreement [18] at ¶ 13) (emphasis supplied).

This determination requires application of Tennessee law, which Sears has not provided. *See, e.g.*, *In re Girton, Oakes & Burger, Inc.*, 326 B.R. 901, *6 (B.A.P. 6th Cir. 2005) ("Because 'including' 'means the same thing' as 'including without limitation,' the sentence does in fact provide that the list is nonexclusive."); *Capitol Indem. Corp. v. Braxton*, 24 F.App'x 434, 442 (6th Cir. 2001) ("Instead, the term 'includes' indicates a partial or incomplete list, in which 'operation' and 'loading and unloading' are only two possible examples of what the term 'use' encompasses."); Black's Law Dictionary 931 (9th ed. 2009) ("The participle *including* typically indicates a partial list."); and Black's Law Dictionary 1120 (9th ed. 2009) ("The term [namely] indicates what is to be included by name. By contrast, *including* implies a partial list and indicates that something is not listed.").  To maintain a Motion to Dismiss regarding the Settlement Agreement, Sears must cite to Tennessee law.

If Sears wishes to re-file a motion to dismiss, it may do so by **Monday, November 4, 2013**.  Plaintiff will then have until **Wednesday,**

6

**November 20, 2013** to file a response.

## CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Sears's Motion to Dismiss [17].  If Sears wishes to re-file a motion to dismiss, it is ordered to do so by **Monday, November 4, 2013**.

SO ORDERED, this 30th day of September, 2013.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

7